UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL BUTTO, :
        Plaintiff, :
  :
     v. : No. 5:18-cv-01210
  :
CJKANT RESOURCE GROUP, LLC; :
CJKANT MANAGEMENT, LLC; :
CJKANT RES. GROUP HOLDINGS, LLC; :
and JEFFREY L. KANTNER, :
        Defendants. :
_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 11 - Granted**

**Joseph F. Leeson, Jr.**                                                             **March 13, 2019**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Michael Butto initiated this Title VII action against his former employer CJKant Resource Group,[1] alleging that he was forced to participate in "immoral conduct" that made him extremely uncomfortable, such as arranging female escorts for his supervisor Jeffrey Kantner and facilitating Kantner's infidelity. CJKant Resource Group and Kantner (collectively "Defendants") have moved to dismiss. The immoral conduct allegedly attributable by Butto to Kantner is not to be admired nor is it to be encouraged, but based on the facts alleged, it does not rise to the level of a category of discrimination prohibited by Title VII of the Federal Civil Rights Act of 1964. For the reasons more particularly set forth below, the Motion to Dismiss is granted. The Amended Complaint is dismissed with prejudice.

---

[1]    Defendant CJKant Resource Group was also erroneously sued under the names CJKant Management, LLC and CJKant Resources Group Holdings, LLC.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. BACKGROUND

Butto initiated the above-captioned action asserting disparate treatment and retaliation claims under Title VII, 42 U.S.C. §§ 2000e – 2000e-17, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 – 963. After Defendants moved to dismiss, Butto filed an Amended Complaint. The Amended Complaint asserts a hostile work environment and discrimination claim pursuant to Title VII and the PHRA, as well as a claim for retaliation under Title VII and the PHRA.

The Amended Complaint alleges that Butto's direct supervisor, Kantner, "ordered [him] to organize rendezvous and dalliances with female companions, which would align with Kantner's work/travel schedule." *See* Am. Compl. ¶¶ 1, 12, ECF No. 8. Butto alleges that he was forced into uncomfortable situations with Kantner, such as going to strip clubs, searching for women on the internet, and meeting escorts while on business trips. *See id.* at ¶ 13. The Amended Complaint alleges that Kantner instructed Butto to set Kantner up with an online dating profile even though Kantner was married. *See id.* at ¶ 15. Butto alleges that all such duties fell outside the scope of his job title as Chief Financial Officer, and that Kantner neither expected nor required similarly-situated female employees to be complicit in such conduct. *See id.* at ¶¶ 17, 23, 31. The allegedly similarly-situated female executives, who reported to Kantner, were a Regional Manager, a VP of Sales, a General Manager, an HR Director, a Branch Manager, Reading PA, and an Account Representative, Reading PA. *See id.* at ¶ 17. Butto alleges that he was uncomfortable being asked to facilitate and remain complicit in Kantner's infidelity. *See id.* at ¶¶ 15-16. Finally, the Amended Complaint alleges that on or about September 18, 2017, Butto complained to Kantner about his "expectation that [Butto] continue facilitating the infidelity," and that Kantner terminated Butto "on the spot." *See id.* at ¶¶ 18-19.

Defendants have moved to dismiss the Amended Complaint, arguing that: (1) the Amended Complaint does not allege that Butto suffered an adverse employment action *because* he is a man; (2) the Amended Complaint does not allege that Butto engaged in any protected activity; and (3) the hostile work environment claims are untimely.[2] *See* Memo. 1, ECF No. 11-

---

[2] Because Butto's claims are dismissed for failure to state a claim, the Court need not address Defendants' untimeliness argument.

1;[3] Reply, ECF No. 18. Butto has filed a response in opposition to the Motion to Dismiss. *See* Opp., ECF No. 14.

IV. **ANALYSIS**

   A. **The Amended Complaint fails to sufficiently allege that Butto suffered an adverse employment action *because* of his gender.**

A "plaintiff who brings a 'reverse discrimination' suit under Title VII[4] should be able to establish a prima facie case in the absence of direct evidence of discrimination by presenting sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff 'less favorably than others because of [his] race, color, religion, sex, or national origin.'" *Iadimarco v. Runyon*, 190 F.3d 151, 163 (3d Cir. 1999) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). "Likewise, a plaintiff alleging a hostile work environment claim under Title VII must demonstrate that he suffered pervasive and regular discrimination because of his sex." *Pavlik v. Int'l Excess Agency, Inc.*, 417 F. App'x 163, 167 (3d Cir. 2011).

The Amended Complaint does not allege that any gender-related comments were made by Kantner. Further, although the Amended Complaint alleges that Kantner neither expected nor required similarly-situated female executives to be complicit in his infidelity, none of the female executives, who each had different job titles and worked in different areas, are in fact similarly situated to Butto. *See Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011)

---

[3] Defendants also argue that all claims against Kantner must be dismissed because Title VII does not provide for individual liability. *See* Memo. at 1. Kantner concedes that Title VII does not allow for individual liability. Opp. 1, ECF No. 14. For this reason, and those stated below, Kantner is dismissed. *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that "Congress did not intend to hold individual employees liable under Title VII").

[4] "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." *Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001).

(holding that "comparator employees must be similarly situated in all relevant respects," and a determination of whether the employees are similarly situated takes into account factors such as the employees' job responsibilities); *Saunders v. E.I. DuPont De Nemours & Co.*, No. 14-329-RGA, 2017 U.S. Dist. LEXIS 23530, at *20 (D. Del. Feb. 17, 2017) (concluding that the alleged comparators "either worked in different areas, had different job duties, reported to different supervisors, or held different job titles" and were not similarly situated); *Crawford v. Verizon Pa., Inc.*, 103 F. Supp. 3d 597, 604 (E.D. Pa. 2015) ("Though similarly-situated obviously does not mean identically situated, a plaintiff must demonstrate that she and her alleged comparators are alike in all relevant respects.").

Moreover, Butto fails to allege a causal connection between his termination (adverse employment action) and his gender. *See Bradley v. Aria Health*, No. 10 - 5633, 2011 U.S. Dist. LEXIS 63386, at *5 (E.D. Pa. June 14, 2011) (dismissing the reverse discrimination claim because the amended complaint failed to allege a causal connection between the plaintiff's gender and his dismissal). He also fails to allege that the discrimination was "severe and pervasive"[5] or that the discrimination "would detrimentally affect a reasonable person in like circumstances" so as to support a hostile work environment claim. *See Kahan v. Slippery Rock Univ. of Pa.*, 664 F. App'x 170, 174 (3d Cir. 2016).

Regrettably, Butto had to work in an environment in which he was "uncomfortable." *See* Am. Compl. ¶¶ 13, 16. "An unpleasant work environment is not a good thing, but it is not necessarily actionable, either." *Burgess v. Dollar Tree Stores, In*c., 642 F. App'x 152, 155 (3d

---

[5] To determine whether the discrimination was so "severe or pervasive" to render the environment "hostile," the court must consider the totality of the circumstances, including the "effect on the plaintiff's psychological well-being;" "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 168 (3d Cir. 2013).

Cir. 2016); *Fusco v. Bucks Cnty.*, No. 08-2082, 2009 U.S. Dist. LEXIS 118924, at *37-41 (E.D. Pa. Dec. 18, 2009) ("While Title VII prohibits discrimination, it does not regulate interpersonal relations at the workplace nor command general good manners.").

The Court does not admire Kantner's behavior, nor is it to be encouraged. However, Kantner's behavior was not physically or verbally threatening, intimidating, or abusive. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998) (holding that Title VII "forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment"). Title VII is not a "general civility code," and it "does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *See id.* For all these reasons, the gender discrimination and hostile work environment claim in Count I is dismissed.

> **B.** **The Amended Complaint fails to allege that Butto was engaged in protected activity to support a Title VII retaliation claim.**

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that [he] engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). Opposing discrimination made unlawful by Title VII, whether by formal charge or informal protest, is protected activity. *See Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 138 (3d Cir. 2017); *Moore*, 461 F.3d at 341. However, "a general complaint of unfair treatment does not translate into a charge of illegal [] discrimination." *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

6
031319

The Amended Complaint alleges that in a conversation with Kantner on or about September 18, 2017, Butto "complained about Kanter's [sic] expectation that he continue facilitating the infidelity." *See* Am. Compl. ¶¶ 18-19. Butto does not allege that he made any reference to discrimination, retaliation, or any Title VII protected activity when speaking with Kantner. *See Morales v. Pnc Bank, N.A.*, No. 10-1368, 2012 U.S. Dist. LEXIS 143605, at *35-36 (E.D. Pa. Oct. 3, 2012) (determining that a plaintiff's complaint that did not mention discrimination, retaliation, or any other activity protected under Title VII, was not protected activity). Additionally, Butto's complaint to Kantner did not, either implicitly or explicitly, suggest that Kantner's actions were in any way based on Butto's gender. *See Barber*, 68 F.3d at 702 (holding that the plaintiff, who had sent a letter stating that he felt he had been treated unfairly as "the position was awarded to a less qualified individual," did not engage in protected activity because the letter did not "explicitly or implicitly allege that age [or gender] was the reason for the alleged unfairness"). Thus, Butto's September 18, 2017 complaint was not protected activity. *See id.*; *Pacheco v. Pocono Med. Ctr.*, No. 3:16-CV-02461, 2017 U.S. Dist. LEXIS 130355, at *12-14 (M.D. Pa. Aug. 16, 2017) (determining that the plaintiff's complaint about unprofessional work conduct (being uncomfortable with flirtatious behavior between other employees) was not protected activity). The retaliation claim, Count II, is dismissed.

    **C.**    **The claims are dismissed with prejudice.**

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The Amended Complaint, which is under review here, was filed in response to Defendants' previous Motion to Dismiss. In that Motion, Defendants raised the same challenges

discussed herein.  Specifically, Defendants argued: (1) Butto does not allege that he was subjected to discrimination "***based on his gender***;" at most, Butto alleges that he was required to participate in "immoral conduct," which does not constitute reverse gender discrimination under Title VII as a matter of law; and (2) Butto does not allege that he was engaged in protected activity; rather, his "politely voiced objection" to Defendant Kantner on September 18, 2017, was admittedly to "prurient and immoral conduct," and not to any discrimination or harassment based on his membership in a protected category.  *See* Mot. Dismiss 5-7 ECF No. 5-1 (emphasis in original).  Because Butto previously had an opportunity to amend his complaint to address the deficiencies outlined herein, and because there are no allegations in the brief in opposition to the pending Motion to Dismiss to suggest that any additional allegations could cure such deficiencies, further leave to amend would be futile.  *See Cortazzo v. City of Reading*, No. 5:14-cv-2513, 2016 U.S. Dist. LEXIS 32915, at *23 (E.D. Pa. Mar. 14, 2016) (finding that leave to amend would be futile where the plaintiff was previously given an opportunity to amend his complaint to address the same deficiencies).  The Amended Complaint is therefore dismissed with prejudice

**V.    CONCLUSION**

The behavior alleged is detestable, but it does not rise to the level of actionable conduct under Title VII.  Title VII does not guarantee a pleasant work environment with high moral standards; rather, it prohibits discrimination.  The Amended Complaint fails to allege that Kantner's conduct, however distasteful, was based on Butto's gender or that it was sufficiently severe and pervasive.  Butto's reverse discrimination and hostile work environment claim is therefore dismissed.  Butto's retaliation claim is also dismissed because his complaint about being expected to facilitate Kantner's infidelity, without any suggestion that Butto's gender factored into Kantner's behavior, is not protected activity under Title VII.  Because Butto

previously failed to cure these deficiencies by filing an Amended Complaint, further leave to amend would be futile. The Amendment Complaint is dismissed with prejudice.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge